UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL DEAN GONZALES**, <br> **TDCJ No. 999174**, <br><br> Petitioner, <br><br> V. <br><br> **LORIE DAVIS, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. MO-12-CV-126-DAE |

**ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION**

Before the Court is a Motion for Reconsideration of this Court's August 1, 2016 Order, granting in part Petitioner's motion for an evidentiary hearing (ECF no. 80). For the reasons stated below, the Motion for Reconsideration is **DENIED** (ECF no. 80).

Background

The factual and procedural background of this case are set forth in detail in this Court's Order issued August 1, 2016 (ECF no. 69), which is incorporated by reference. This Court granted petitioner's request for an evidentiary hearing on issues relating to (1) whether petitioner was mentally competent to stand trial during his 2009 retrial on sentencing; and (2) whether petitioner's trial counsel rendered ineffective assistance in connection with this proceeding by failing to raise the issue of petitioner's competence at that time.

Motion for Reconsideration

Respondent argues that petitioner procedurally defaulted on his ability to assert incompetence at his 2009 trial on resentencing, because he waived his right to pursue state

habeas corpus relief during an abbreviated hearing held the following day.  During that hearing, petitioner informed the state trial court he wished to waive "all my appeals" and repeatedly informed the state trial court he did not want any attorney appointed to represent him or any appeals filed on his behalf.  The state trial court nonetheless appointed an attorney to represent petitioner on direct appeal from his re-sentencing, but accepted the waiver of his right to representation in a state habeas corpus proceeding challenging his re-sentencing.  The Texas Court of Criminal Appeals *sua sponte* announced over a year later that petitioner had waived his right to seek state habeas corpus review of his capital sentence because he fialed to timely file a state habeas corpus application.  *Ex parte Michael Dean Gonzales*, WR-40,541-03 (Tex. Crim. App. Nov. 10, 2010).  On September 28, 2011, the Texas Court of Criminal Appeals again affirmed petitioner's sentence.  *Gonzales v. State*, 353 S.W.3d 826 (Tex. Crim. App. 2011).

Respondent argues the Texas Court of Criminal Appeals' conclusion forecloses any federal inquiry into petitioner's competence to stand trial in 2009, his competence to waive state habeas corpus review in 2009 and his ineffective assistance of counsel claim.

Analysis

As the Supreme Court has recently noted, "[f]ederal habeas courts generally refuse to hear claims defaulted in state court pursuant to an independent and adequate state procedural rule."  *Johnson v. Lee*, 136 S. Ct. 1802, 1803–04, (2016) (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).  "State rules count as 'adequate' if they are 'firmly established and regularly followed.'" *Lee*, 136 S. Ct. at 1804 (quoting *Walker v. Martin,* 562 U.S. 307, 316 (2011)).  However, this Court single published opinion in which the Texas appellate court

declared a waiver of a capital defendant's state habeas corpus rights under circumstances similar to those which occurred here.

Specifically, on May 7, 2009, petitioner advised the state trial court that, against the advice of his trial counsel, he wished to testify at the punishment phase of his capital retrial.[1] Once the jury entered the courtroom and petitioner took the stand, he was asked whether there was anything he wished to say to the jury; he announced: "Yeah.  Y'all can f**king kill me.  Makes me no f**king difference.  Pass the witness."[2]  The prosecution waived cross-examination.  Later on the same date, petitioner repeatedly interrupted the prosecutor during closing argument, making profane remarks.[3]  During its deliberations, the jury sent out a note inquiring whether the petitioner would be able to obtain the jurors' personal information from court records.[4]  The same day, the jury returned its verdict to the Texas capital sentencing special issues.[5]  The following date, the short exchange between the state trial judge and petitioner, quoted in its entirety in the Court's August 1, 2016, Order (ECF no. 69), took place.  More than a year later, with neither appointed counsel nor an inquiry into whether petitioner's waiver of the right to seek state habeas corpus relief from his capital sentence was voluntary, intelligent, or knowing, the Texas Court of Criminal Appeals declared sua sponte that petitioner had waived

---

[1] Statement of Facts (i.e., verbatim transcription of proceedings) from petitioner's 2009 retrial on sentencing (henceforth "S.F. 2009 Trial"), Vol. 30, at pp. 3-8.

[2] S.F. Trial, Vol. 30, testimony of Michael Dean Gonzales, at p. 9.

[3] S.F. Trial, Vol. 30, at pp. 43-44.

[4] S.F. Trial, Vol. 30, at p. 47.

[5] S.F. Trial, Vol. 30, at pp. 48-50.

those rights, including apparently the right to challenge his own competence to make such a waiver.

Respondent has identified no precedent in which a waiver of state habeas rights in a death penalty case has been recognized based upon circumstances analogous to those here. Under such circumstances, this Court concludes the procedural default rule relied upon by respondent in support of its motion for reconsideration has not been firmly established and regularly followed by the Texas appellate courts.

Accordingly, it is hereby ORDERED that:

1. All relief requested in respondent's motion for reconsideration, filed August 30, 2016 (ECF no. 75), is **DENIED.**

2. On or before thirty days from the date of this Order, the parties shall confer and file with the Clerk a joint advisory setting forth the dates on which they propose to hold an evidentiary hearing in this cause on the subjects identified in this Court's Order issued August 1, 2016 (ECF no. 69). The notice should also include the estimated length of the hearing, and the proposed location.[6]

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, October 6, 2016.

_____
David Alan Ezra
Senior United States Distict Judge

---

[6] The hearing could be held in the federal courthouse in Midland, Texas, or San Antonio, Texas.